O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS C. WALTON,<br><br>Petitioner,<br><br>vs.<br><br>RAYMOND MADDEN, Warden,<br><br>Respondent. | Case No. EDCV 16-00691-MWF (KES)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION |

On April 13, 2016, Demetrius C. Walton (hereinafter referred to as "Petitioner") filed a "Petition for Writ of Habeas Corpus by a Person in State Custody" pursuant to 28 U.S.C. § 2254. (Dkt. 1.) Petitioner was convicted by a jury on September 11, 2002 in Riverside County Superior Court, Case No. INF039223 of first degree murder with robbery and burglary felony-murder special circumstances in violation of California Penal Code ("PC") §§ 187, 190.2(a)(17)(A) & (a)(17)(G); first degree robbery in violation of PC §§ 211, 212.5; and first degree burglary in violation of PC § 459. (Id. at 2.) Petitioner was sentenced to state prison for a term of life without the possibility of parole, plus one year. (Id.) Petitioner contends that the evidence was insufficient to convict him in light of People v. Banks, 61 Cal. 4th 788 (2015), which articulated the standards to apply in determining whether an accomplice who lacks the intent to kill may qualify as a major participant for

purposes of a felony-murder special circumstances finding. (Id. at 5-24.)

It appears from the face of the Petition that it is directed to the same 2002 judgment of conviction as a prior habeas petition filed by Petitioner in this Court on March 5, 2014 in Case No. EDCV 14-00428-MWF (VBK)[1] [hereinafter the "Prior Action"]. On April 28, 2015, Judgment was entered in the Prior Action dismissing the Petition with prejudice. Petitioner filed a Notice of Appeal from that Judgment and a Request for a Certificate of Appealability which was denied by the United States Court of Appeals for the Ninth Circuit on February 26, 2016.

The Petition now pending is governed by 28 U.S.C. § 2244(b), which provides in pertinent part as follows:

> *(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.*
>
> *(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--*
>
>> *(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or*
>>
>> *(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and*

---

[1] The Court takes judicial notice of its own files and records. Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988). Petitioner also filed a habeas Petition in this Court on March 8, 2008 in Case No. CV 08-01496-FMC (VBK). On September 8, 2008, counsel for Petitioner filed an application for voluntary dismissal of the Petition. On September 16, 2008, the Court approved the voluntary dismissal and entered an Order dismissing the Petition.


> *(ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.*
>
> *(3)  (A)  Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.*

(Emphasis added.)

The Petition now pending constitutes a second and/or successive petition within the meaning of 28 U.S.C. § 2244(b), because it challenges the same conviction as Petitioner's habeas petition in the Prior Action. Thus, it was incumbent on Petitioner under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider his new claim prior to his filing of the instant Petition. Petitioner's failure to secure a pre-filing order from the Ninth Circuit authorizing the District Court to consider any new claim alleged in the Petition deprives the Court of subject matter jurisdiction. Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001), cert. denied, 538 U.S. 984 (2003).

//
//
//
//
//
//
//
//
//

IT THEREFORE IS ORDERED that this action be summarily dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 25, 2016

MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE

Presented by:

KAREN E. SCOTT
United States Magistrate Judge